21496. GREENE v. BIRDSEY.

STEPHENS, J. 1. Where a landlord had parted with possession of the rented premises, and a defective condition in the premises afterwards arose, a failure of the landlord to repair the defect afforded no right of action to a third person lawfully upon the premises who was injured by reason of the defective condition of the premises, where by the terms of the lease contract the tenant had released the landlord "from any and all damages to both persons and property" during the term of the lease, and had agreed to accept the premises in the condition they were in at the time of the lease, and to relieve the landlord of any duty to make "repairs or improvements" upon the premises. This is true notwithstanding the provision in section 3694 of the Civil Code of 1910 that the landlord, who has parted with possession of the premises, "is responsible to others for damages arising from defective construction, or for damages from failure to keep the premises in repair," and also notwithstanding the landlord, without any consideration, after the lease contract was made, voluntarily agreed to repair the defective condition in the premises but failed to do so before the injury was sustained. See L. R. A. 1916F, 1144; 12 Ann. Cas. 49, note; Brady v. Klein, 133 Mich. 422 (95 N. W. 557, 62 L. R. A. 909, 103 Am. St. R. 455, 2 Ann. Cas. 464); Ahern v. Steel, 115 N. Y. 203 (22 N. E. 193, 5 L. R. A. 449, 12 Am. St. R. 778); Clancy v. Byrne, 56 N. Y. 129, (15 Am. R. 391); *Kleinberg* v. *Lyons*, 39 *Ga. App.* 774 (148 S. E. 535).

2. Where the landlord had rented the premises, which was a storehouse, to the tenant to be used for mercantile business, and a customer of the tenant was injured by reason of stepping into a rotten plank in the floor, and the condition of the plank was a defect which arose after the tenant had entered under the lease, upon the trial of a suit brought by the injured person against the landlord, to recover damages for the injury thus sustained, the court erred in excluding from evidence the lease contract between the defendant and the tenant, which was offered in evidence by the defendant and which contained the following provision: "Tenant hereby releases said landlord from any and all damages to both persons and property during the term of contract. It is further agreed by both parties to this contract that the tenant agrees to take premises in their present condition and is not to require any repairs or improvements from the landlord."

3. The court erred in overruling the defendant's motion for a new trial.

Judgment reversed. Jenkins, P. J., and Bell, J., concur.

DECIDED MARCH 2, 1932. REHEARING DENIED MARCH 5, 1932.

*Brock, Sparks & Russell,* for plaintiff in error.
*Turpin & Lane,* contra.