## 21496. GREENE v. BIRDSEY.

STEPHENS, J. 1. Where a landlord has parted with possession of the rented premises, he, by virtue of a provision in the contract of rental relieving him of any obligation to keep the premises in repair, is not, as respects third persons lawfully upon the premises, relieved of the duty resting upon him by statute to keep the premises in repair; and where, by reason of the landlord's failure to exercise due care to repair the premises and render them safe for third persons lawfully entering thereon to do business with the tenant, one of them sustains an injury as the proximate result of the landlord's negligent failure to make the repairs, the landlord is liable in damages therefor. This is true notwithstanding the tenant knew of the defective condition causing the injury. The foregoing is in effect the ruling of the Supreme Court in the case of *Birdsey* v. *Greene,* 176 *Ga.* 688 (168 S. E. 564), wherein that court reversed the judgment of this court in this case in *Greene* v. *Birdsey,* 45 *Ga. App.* 103 (163 S. E. 242).

2. This being a suit against a landlord where the plaintiff alleges that she lawfully entered upon the rented premises as a customer to do business with the tenant who conducted a mercantile business on the premises, and was injured by stepping into a rotten plank in the floor which the defendant had negligently failed to repair after notice of the defect, the court did not err in excluding from evidence the contract of rental between the defendant and the tenant whereby the defendant was relieved

of any obligation to make repairs of the premises during the term of the lease, and the court did not err in charging the jury the law in effect as announced above.

3. The verdict for the plaintiff was authorized.

4. The opinion of this court in this case as reported in 45 *Ga. App.* 103 is superseded by the opinion of the Supreme Court in 176 *Ga.* 688, supra, wherein the judgment of this court reversing the trial court was reversed. The judgment of reversal by this court must be vacated, and the judgment of the trial court, denying the defendant a new trial, must be affirmed.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 5, 1933.

*Brock, Sparks & Russell,* for plaintiff in error.
*Turpin & Lane,* contra.