## 34048. LEONARD v. FULTON NATIONAL BANK OF ATLANTA, trustee.

DECIDED JULY 11, 1952—REHEARING DENIED JULY 28, 1952.

*N. T. Anderson Jr.*, for plaintiff in error.
*John M. Slaton, J. Hugh Rogers,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Construing the petition most strongly against the pleader, it appears that the washrack was built by the tenants rather than the landlord. "The liability of the landlord for injuries occasioned by defects in construction 'exists only in cases where the structure is built by him in person or under his supervision or direction.' *Ross* v. *Jackson,* 123 *Ga.* 657, 659 (51 S. E. 578)." *Godard* v. *Peavy,* 32 *Ga. App.* 121 (1) (122 S. E. 634). And, while the petition alleges that the landlord had actual notice of the "construction, shape, and condition of said lot," it also alleges that the landlord was negligent "in not inspecting said lot and discovering all the defective conditions of said lot as set out in this petition." These defective conditions, as set out in the petition, are that water flowed down from the washing of an automobile or automobiles upon the lot toward the steps, and down the steps onto the sidewalk, where it froze, creating the condition causing the plaintiff's injuries, the flow of water being due to the facts: (a) that the depression under the washrack was too small, (b) that the vent draining this depression was too small, and (c) that the vent was partially stopped up by debris in the depression and was not maintained in an adequate condition so that it could operate normally and efficiently. The question for decision is whether these facts establish liability as against the landlord.

Code § 61-112 provides: "The landlord, having fully parted with possession and right of possession, is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; but he is responsible to others for damages arising from defective construction or for damages from failure to keep the premises in repair." The general rule is that the landlord, having parted with possession, is not liable to third persons for a defect in the rented premises not constructed by him of which he had no knowledge and which he had not been notified to repair. *Ocean Steamship Co.* v. *Hamilton*, 112 *Ga*. 901 (38 S. E. 204); *Kimball* v. *Morcock*, 57 *Ga. App*. 750 (196 S. E. 125). However, the lease here contains the provision that the lessor "shall have the right to enter said premises at reasonable hours, to examine the same, make such repairs, additions, or alterations as may be deemed necessary for the safety, comfort, and preservation of said building." This lease provision gives to the landlord a right to inspect, which in *City of Dalton* v. *Anderson*, 72 *Ga. App*. 109 (33 S. E. 2d, 115) was held equivalent to a covenant to repair. The *City of Dalton* case dealt with a defective roof, a structural defect which the landlord was under the legal duty of repairing, provided he had notice thereof; and that case does not therefore in any way create a *new* liability on the part of the landlord, but merely holds that the reservation of a right to inspect incorporated in a lease is the equivalent of notice in a situation where the landlord, after notice, is in any event liable.

The lease also includes a provision that the landlord shall *not* be liable for repairs; but such a provision, although relieving him of all liability as between himself and his tenant, does not release him from liability toward a third person in a situation where he would otherwise be liable. *Greene* v. *Birdsey*, 47 *Ga. App*. 424 (170 S. E. 681). Therefore, neither the *City of Dalton* case nor the *Birdsey* case, both of which are strongly relied upon by the plaintiff here, deals with the basic question of whether the facts set out in the petition are sufficient to raise any legal duty on the part of the defendant landlord to prevent the situation which caused the plaintiff's injuries. From the petition here—construed most strongly against the pleader—it appears that the car washrack was constructed by

the tenants, was maintained by the tenants in connection with their business, was left in a clogged condition by the tenants, and that the water which overflowed from it and ran down the steps was released by the tenants in the process of washing automobiles. It is obvious that the washrack had no inherent quality or defect capable of damaging the plaintiff unless more water was poured into it at any one time than it was capabale of draining away. Thus, it was the use by the tenants—either washing automobiles in a position where the water would not enter the drain, releasing so much water that the drain could not carry it away, or failing to remove debris so that the drain could function—which caused the runoff water. Such negligent use on the part of a tenant does not create any liability on the landlord under Code § 61-112, supra, unless the landlord retains possession or the right of possession. The right to inspect is not the equivalent of the right to possess premises, so as to make the landlord liable for the negligence or illegal use of the premises by the tenant. In *J. B. White & Co.* v. *Montgomery*, 58 *Ga.* 204 it is held: "The tenant is not the agent of the landlord, in the sense that the latter is responsible for the damages which result to third persons from the illegal or negligent use of the rented premises by the former; the landlord is responsible for any damage which may flow from the defective construction of the tenement or from his failure to keep it in proper repair, but if it be properly constructed and kept by the landlord in proper repair, the tenant alone is responsible for his bad or negligent use of a thing [good] in itself, and kept good by the landlord, but made bad and working damage by the tenant's improper or negligent use of it."

This case is also distinguishable from *Freidenburg & Co.* v. *Jones*, 63 *Ga.* 612, *Southeastern Fair Association* v. *Davis*, 84 *Ga. App.* 572 (66 S. E. 2d, 188), and like cases, in which the lessor retained a right of possession and measure of actual control over the premises leased. In the former case, the landlord, by reserving the use of a bathroom equally between the occupants of a room rented to the tenant and a room which he did not rent to anyone, had an equal right with the tenant to the occupancy of the bathroom and was in consequence liable for the tenant's negligence in causing an overflow of water to

the premises below. In the latter case, the Southeastern Fair Association by its lease reserved to itself in several particulars the right to control the operations of the concessionaire tenant, and the premises and devices operated thereon. No such retention or control is shown here, and the mere right to inspect and repair does not give the landlord such control over the use of the premises as to make him liable for the tenant's negligence in relation thereto. The landlord had both actual and constructive knowledge of the construction of the washrack, but he did not have knowledge of the amount of water used by the tenants in washing cars at any one time. It might become apparent to him from an inspection of the premises that the washrack could be used in a negligent manner which would cause it to overflow. At the same time, it would be equally apparent to him that it could be used in a diligent manner under such circumstances that it would not overflow. Since he was not liable for the negligent use of this construction by the tenant, and since such negligent use was necessary in order to bring about an overflow of water which might freeze on the sidewalk below, the petition fails to set forth the breach of any legal duty on the part of the landlord. Accordingly, the trial court did not err in dismissing it as a party defendant.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*