37580.   LEVY *et al. v.* LOGAN.

Decided March 12, 1959.

254

*Wilson, Branch & Barwick, M. Cook Barwick, J. Frank Ogletree, Jr., James M. Roberts*, for plaintiffs in error.

*Lindsay, Bell, Everett & Kasper, George H. Kasper, Jr.*, contra.

TOWNSEND, Judge. ■ The defendants' plea in bar seeks to set up a complete defense to this action on the ground that they had, on January 6, 1956, executed a five-year lease of the industrial building in question to certain lessees and had surrendered full and complete control, use and possession of the building under such contract. The lease agreement, attached to the plea, contains the following: "Lessor agrees to keep in good order the roof, exterior walls . . . and heating, water, sewer, electrical and sprinkler systems. . . Lessor gives to lessee exclusive control of premises and shall be under no obligation to inspect said premises. Lessee shall at once report in writing to lessor any defective condition known to him which lessor is required to repair, and failure to so report such defects shall make lessee responsible to lessor for any liability incurred by lessor by reason of such defect. 10. Lessee . . . shall, at his own expense, keep and maintain the said premises and ap-

purtenances and every part thereof, in good order, and repair except portions of premises to be repaired by lessor under the terms of paragraph 9."

A provision that the landlord shall not be liable for repairs, although relieving him of all liability as between himself and his tenant, does not release him from liability toward a third person in a situation where he would otherwise be liable. *Greene v. Birdsey*, 47 *Ga. App.* 424 (170 S. E. 681); *Leonard v. Fulton Nat. Bank*, 86 *Ga. App.* 635 (72 S. E. 2d 93). A landlord who retains control of a part of the leased premises for the purpose of making repairs, or retains a right to enter and inspect the premises for purposes of repair, is liable to third parties for injuries resulting from defects which ordinary care in making such an inspection would have revealed, regardless of whether, as between the parties to the lease, he is relieved from the obligation of making such inspection or repairs or both. *City of Dalton v. Anderson*, 72 *Ga. App.* 109 (33 S. E. 2d 115); *Dickey v. Suggs*, 90 *Ga. App.* 124 (82 S. E. 2d 24). The defendants here, having agreed to keep the exterior surfaces of the building in repair, and having the right to enter and inspect the premises for this purpose, were liable for defective conditions in such portions of the premises which an inspection would in the exercise of ordinary care have revealed. Accordingly, the plea in bar set out no absolute defense to the action and the trial court did not err in dismissing it.

■ The general demurrer to the petition raises the same question as the plea in bar, with the exception that the petition does not show on its face that the premises were leased or what lease provisions existed between the defendants and the lessee. The petition does, however, allege "that during said painting the defendants retained control and possession of the exterior portions of the building including the fire escape, cable and counter-weights"; that the cable and counter-weight were defective, and that the defendants contracted with the employer of the plaintiff's deceased husband for the painting to be done; that the plaintiff's husband was employed to paint the fire escape but not to repair the cable; that he was not informed of its defective condition and did not assume the risk of the defects

which resulted in his injuries. The latter allegation is also attacked by special demurrer 5. Special demurrers 3, 4, 11 and 12 attack various allegations on the ground that it is not shown how retention of control of the exterior walls by the defendants contributed to the injuries; that such allegation is a conclusion; that it is not alleged in what manner the defendants were notified of defects in the fire escape ladder, cable, and counter-weights; that the allegation that it was the defendants' duty to inspect the fire escape is a conclusion of the pleader, and it is not shown that an inspection would have resulted in the discovery of the alleged defects. The allegations are sufficient to show a right and duty on the part of the defendants to remedy such defective conditions in the exterior surfaces of the building, including the fire escape, as the exercise of ordinary care in the inspection of that part of the premises should have revealed to them, and it does not appear from the petition that the plaintiff's husband assumed any known risk which would have relieved the defendants from liability. Accordingly the general demurrer and special demurrers 3, 4, 5, 11 and 12 are without merit.

■ Special demurrers 2, 9 and 10 were properly overruled because not filed at the first term. *Farmers & Merchants Bank of Manchester* v. *Gibson*, 211 *Ga.* 270 (85 S. E. 2d 513). Although a petition as originally filed may have been subject to special demurrer, the fact that it is amended in other respects will not authorize the filing of such special demurrer after the appearance day, as shown by the process, where the special demurrer was not filed in the first instance. *Bullard* v. *Bullard*, 214 *Ga.* 122 (103 S. E. 2d 570). Special demurrer 7 to paragraph 35, is treated as abandoned, since, after the original ruling on demurrer this paragraph was amended and the demurrer was not renewed. Code (Ann.) § 81-1001.

■ Paragraph 43 of the petition sets out certain regulations enacted by the Georgia Safety Fire Commissioner under authority of Code (Ann.) § 92A-718, providing, among other things, that where the lowest section of an outside stairway is constructed as a counter-balance swinging stair, counter-weights shall be permanently affixed to the swinging stair construction. It is alleged that the defendants violated this regulation in that

the weights were not permanently affixed to the swinging stair construction; that they were sitting on top of one another and held by a cable which slipped through a hole in the center of each weight and was tied in a knot below them; that one or more of the weights was constructed with a slit from the center hole to the edge so that it could be removed merely by pushing or tilting it from the cable, and that it was merely resting upon the cable. It is further alleged that the cable was old, frayed and rusted, that most of the strands of wire composing it were rusted into, and that a portion of the cable broke and the weights fell suddenly and without warning upon the body of plaintiff's husband. These allegations are sufficient to show a violation of the regulations set out in paragraph 43 of the petition, for which reason special demurrer 13, as renewed, is without merit.

■ Paragraph 34 of the petition alleges that the defendants were on a certain date placed on notice by the Atlanta Fire Marshal of certain defects, the nature of which is unknown to the plaintiff, existing in the building. In the absence of any allegation of fact requiring an inference that the defects referred to contributed to the death of the plaintiff's husband, special demurrer 6, which raises this point, should have been sustained. Defects in the building, whether known to the defendants or not, which are not related to the proximate cause of the injuries sued for are irrelevant and prejudicial to the defendants.

The trial court erred in overruling the sixth ground of special demurrer, but did not err in the other rulings complained of.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*