## 49946. SCHEER v. CLIATT et al.

MARSHALL, Judge.

Summary judgment was granted to the defendant, Charles Fairbanks d/b/a Tom's Barber Shop, in a "slip and fall" action, and plaintiff appeals. In her complaint and affidavit in opposition of the motion for summary judgment, the plaintiff contends: that Fairbanks was the owner and operator of a barber shop which abutted a sidewalk on which the plaintiff slipped and fell; that she was walking on an approach to the barber shop when she stepped on a slippery foreign substance; that immediately after her fall she was told by a barber, who "was in the employ" of Fairbanks that he (the barber) had seen some liquid detergent someone had spilled on the sidewalk before the plaintiff fell and that he (the barber) had tried to clean it up; that instead, his attempt left a thin film of soap on the sidewalk, invisible to her, which created the dangerous condition causing her injury.

Fairbanks moved for summary judgment on the strength of his affidavit which stated: that he never

owned, occupied or operated the barber shop in question nor any of its equipment; that his only interest therein was assisting in the payment of bills and taxes, obtaining business licenses, and seeing to it that a note on which he was the co-signee and which was secured by the barber shop equipment, was paid out of proceeds from the barber shop's business; that he had no notice at any time that the sidewalk in front of the barber shop was unsafe, and that the space rented by the barber shop from the owner of the shopping center did not include the sidewalk or space around the barber shop.

The only other evidence of record consists of business licenses in the name of Charles Fairbanks and Tom's Barber Shop, a certificate of occcupancy in the name of Charles Fairbanks and records from the Revenue Collection Division of Muscogee County showing taxes collected for the premises under the name "Tom's Barber Shop/Charles Fairbanks."

Plaintiff asserts her right to recover under three theories: (1) As the "owner or occupier of land" under Code § 105-401 "by [Fairbanks] failure to exercise ordinary care in keeping the premises and approaches safe"; (2) As the master of a servant who "creates or maintains the thing from which the injury results" on property abutting a sidewalk by making the soap spill invisible (*Reed v. Batson-Cook Co.,* 122 Ga. App. 803 (178 SE2d 728); *Kelisen v. Savannah Theatres Co.,* 61 Ga. App. 100 (5 SE2d 712)); and (3) As the master of a servant who was negligent by failing to properly clean up the soap spill, once having undertaken to do so. *Held:*

1. "[F]or a defendant to prevail as the movant for a summary judgment the undisputed facts as disclosed by the pleadings and proof must negate some essential element of the plaintiff's claim, thereby entitling the defendant to judgment as a matter of law. [Cits.]" *American Plan Corp. v. Beckham,* 125 Ga. App. 416 (1) (188 SE2d 151); *Waldrep v. Goodwin,* 230 Ga. 1 (1) (195 SE2d 432). The burden was on the defendant-movant herein to show conclusively that plaintiff had no right to recover under any theory fairly drawn from the pleadings and the evidence. *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90, 91 (176 SE2d 487); *Werbin & Tenenbaum v.*

*Heard,* 121 Ga. App. 147 (2) (173 SE2d 114).

2. The defendant, Fairbanks, has not pierced the pleadings for, after all the pleadings and evidence are considered, there remain questions of material fact.

(a) As to plaintiff's right of recovery under Code § 105-401, there remains the question of whether or not Fairbanks was the "owner or occupier" of the barber shop. That question, in turn, depends on whether or not Fairbanks had "control of the property, whether or not he has title thereto and whether or not he has a superior right to possession of property which is in the possession or control of another." 62 AmJur2d 239, Premises Liability, § 12 (1972). Plaintiff alleges that Fairbanks was the tenant of the premises, Fairbanks denies this allegation. A lease, if one exists, was not made a part of the record. There are many other factors which should be considered as evidence of control: Who managed the daily operations of the shop — hiring, wages, hours, etc.? Who had the right to admit or exclude customers? Who maintained and repaired the premises? Who paid the bills, taxes, wages? What were the responsibilities of the parties under the lease? Etc. In their absence the status of Fairbanks cannot be decided as a matter of law. "Whether a particular appurtenance or instrumentality is under the control of an owner or occupant is usually a question of fact." 62 AmJur2d 242, Id.

(b) As to plaintiff's second and third theories, as well as her first, there remains at least one question of fact common to all theories: Was the barber who allegedly told the plaintiff that he saw the soap spill the servant of Fairbanks? Plaintiff alleges that he was an employee of Fairbanks; the latter denies it. "The relationship between the parties [master-servant] was for the jury as the trier of fact to determine." *Smith v. Poteet,* 127 Ga. App. 735, 738 (195 SE2d 213); *Hickman v. Toole,* 31 Ga. App. 230 (120 SE 438). As we view it, plaintiff's right of recovery under all theories fairly raised by her pleadings (even under Code § 105-40 where knowledge by the owner or occupier, or his employee, of the dangerous condition created by a third person is a prerequisite to liability; see, *Norwood v. Belk-Hudson Co. of Valdosta,* 107 Ga. App. 278 (1) (129 SE2d 810)), depends upon a resolution of this issue in her

favor. The defendant has not conclusively negated this issue so as to entitle him to summary judgment.

Judgment reversed. *Deen, P. J., and Stolz, J., concur.*

SUBMITTED NOVEMBER 7, 1974 — DECIDED JANUARY 7, 1975.

*Elkins, Flournoy & Garner, Thomas M. Flournoy, Jr.,* for appellant.

*Henson, Waldrep & Williams, Joseph L. Waldrep,* for appellees.