### 54437. THOMPSON-WEINMAN & COMPANY v. BROCK.

SMITH, Judge.
The jury awarded Brock $75,000 in compensation for injuries he sustained as a result of a fall on Thompson-Weinman's property. Thompson-Weinman appeals alleging the trial court erred in denying its motions for directed verdict and judgment notwithstanding the verdict and in overruling its motion for

new trial on the general grounds and on the special ground that the court improperly charged the jury. We affirm.

Mrs. Luro, appellant's tenant, asked appellant to increase the load size of the utility wires serving the house she rented from appellant. Appellant consented and hired Joe Brown Electric Co. to do the job. Brock, an employee of the electric company, climbed one of the thirty-foot utility poles located on Luro's rented premises; the pole, its interior rotten, broke off at a point just about the ground, and Brock fell, sustaining injuries. It is undisputed that appellant had not inspected the pole before allowing Brock to climb and that appellant had no actual knowledge of the defect.

1. Appellant contends the trial court erred in denying its motion for directed verdict which asserted that, since appellant had leased the property to Mrs. Luro, Code § 61-112 applied, not Code § 105-401, and that the evidence showed as a matter of law it had complied with the less stringent standard of care prescribed by the former section. The court properly denied appellant's motion. Code § 105-401 provides that an "owner or occupier of land" is liable for his failure to exercise ordinary care in keeping his "premises and approaches safe" for an invitee. Code § 61-112 states that the "landlord, having fully parted with possession and right of possession, is not responsible to third parties for damages resulting from the negligence or illegal use of the premises by the tenant; but he is responsible to others for damages arising from defective construction or for damages from failure to keep the premises in repair." No evidence having been presented showing defective construction, appellant contends that, since the evidence also shows that none of its agents had actual knowledge of the defective pole, it could not be held liable for failure to repair. Appellant relies on the interpretation of Code § 61-112 rendered in *City of Dalton v. Anderson,* 72 Ga. App. 109, 111 (33 SE2d 115) (1945): "[T]he duty to repair does not arise until notice is given by the tenant of the defects in the premises or the owner otherwise acquires knowledge." Contrary to appellant's contention, we conclude the evidence authorized jury findings that the

appellant had *not* entirely parted with control of the rented premises and, Code § 105-401 therefore applying, that the appellant had not complied with the reasonable care standard set out therein.

The evidence showed Mrs. Luro was the daughter of a founder of the appellant company and she was at one time the company's chairman of the board. In 1967 she entered into a written lease covering the premises on which the rotten pole was located, which premises adjoined the property on which appellant itself was located. For many years prior to 1967 she had orally leased the property from appellant. During the period of time she leased the property, appellant made numerous improvements on her premises, and a large part of the expenses was carried as capital investment on its books. Furthermore, appellant had made and paid for repairs on the rented property.

Whether appellant retained such control over the leased property as to warrant the imposition upon it of the reasonable care standard is usually a question of fact for the jury. *Scheer v. Cliatt,* 133 Ga. App. 702 (2a) (212 SE2d 29) (1975). Here, the court properly instructed the jury on both Code § 61-112 and Code § 105-401, leaving it for the jury to decide which standard of care would apply. From the evidence presented, the jury was authorized to find that the appellant had retained and exercised the right to enter, inspect, and make improvements upon the leased property; thus, the jury was empowered to scrutinize appellant's conduct for reasonable care indicia. *Levy v. Logan,* 99 Ga. App. 253 (1) (108 SE2d 307) (1959). There being evidence that appellant did not exercise reasonable care (see Division 3) and that its negligence caused Brock's injuries, the court properly denied appellant's motion for directed verdict.

2. The court properly denied appellant's motion for judgment notwithstanding the verdict (see Division 1).

3. Appellant next contends that even if Code § 105-401 does apply, the evidence was insufficient to prove its conduct was unreasonable and thus its motion for new trial on the general grounds was erroneously overruled. We agree with appellant that there was no evidence it had actual knowledge of the defective pole. However, since the evidence demonstrated that, in the exercise of reasonable

care, appellant should have inspected for and discovered the defect so that it might either effect a remedy or warn Brock, the verdict was proper.

Appellant asserts cases such as *Cuthbert v. Schofield,* 35 Ga. App. 443, 444 (133 SE 303) (1926), show that it could not be found negligent for its failure to inspect. We disagree. The court in *Cuthbert,* supra, states: "[W]here, as in the instant case, the owner is without actual knowledge of the defect, and it is shown by the petition that there is *nothing to indicate* the propriety or necessity of making an inspection to ascertain the possible or probable existence of any defects, ordinary diligence does not require an inspection 'where he had no reason to think an inspection was necessary.' [Cit.]" (Emphasis supplied.) In the case before us, the jury was authorized to find that, under the reasonable care standard, circumstances *did* indicate an inspection was necessary. The evidence showed the pole had been standing on the rented property for around forty years. Appellant's president testified that utility poles were located both on Mrs. Luro's rented property and on the company's property adjacent to her tract; that he knew utility poles could rot; that, on occasions prior to the accident involved, he had replaced weathered or sagging poles; and that, at the time of Brock's fall, he had in his employ an electrician who inspected poles for rotting and reported his findings to the company so that it might correct any problems.

The appellant next asserts that, assuming circumstances did indicate the necessity of an inspection, Brock introduced no evidence showing a reasonably prudent inspection would have revealed the pole was rotten. Again, appellant's assertion is meritless. A witness who was on the scene at the time of the accident testified that, on observing the outside of the pole, he could ascertain it was rotten. Moreover, Brock himself testified he knew from his experience as an electrician that the defect could have been discovered by anyone who used a shovel and dug around the base of the pole. On the basis of this testimony, the jury was authorized to conclude that a reasonable inspection would have revealed the defect.

Therefore, the court properly overruled appellant's

motion for new trial on the general grounds.

4. Finally, the court properly charged on the principle of law that ordinary care is owed an invitee. (See Division 1.)

Judgment affirmed. Bell, C. J., and McMurray, J., concur.

ARGUED SEPTEMBER 20, 1977 — DECIDED NOVEMBER 29, 1977 — REHEARING DENIED DECEMBER 14, 1977 —

Smith, Cohen, Ringel, Kohler & Martin, Warren C. Fortson, Harvey S. Gray, for appellant.

Cullens, Freeman & Hawkins, Albert H. Parnell, for appellee.