57518. LADSON INVESTMENTS et al. v. BAGENT.

SHULMAN, Judge.

Appellee, an employee of the tenant occupying appellant landlord's building, brought suit to recover for personal injuries allegedly sustained when the private freight elevator in which she was riding fell to the bottom of the elevator shaft. This appeal follows a judgment entered on a jury verdict in favor of plaintiff for $55,000. On appeal, we reverse.

1. Appellant's main defense was predicated on Code Ann. § 61-112 and case law providing that where a landlord has fully parted with possession and the right of possession to leased premises, the landlord is not liable to third persons for defects in the rented premises not constructed by the landlord and of which the landlord has no knowledge or notice. The trial court rejected this defense on the ground that a lease provision in which the landlord reserved a right of entry for the purpose of examining, inspecting and repairing the demised premises conclusively established that the landlord had not relinquished the right of possession and rendered appellant's defense unavailable. (The court concluded that appellant remained charged with the duty of ordinary care in the inspection and repair of the premises.) In a number of related enumerations, appellant submits that the court erroneously deprived it of this valid defense. This is well taken.

Central to the availability of the landlord's defense are the following lease provisions:

"The Lessor, at its own expense, shall maintain and keep in good repair the roof, exterior and supporting walls . . . during the term of this lease. . .

"The Lessee, at its own expense, shall make all other

repairs to the demised premises, including the maintenance of the plumbing, heating and air conditioning systems and electrical wiring and equipment, which may be necessary during the term hereof, except that in the event replacement of any such systems and equipment installed by the Lessor becomes necessary . . . the Lessor shall promptly make such replacements. . .

"The Lessor shall have the right to enter in and upon said demised premises at all reasonable times for the purpose of (a) examination and inspection thereof, (b) making repairs, replacements . . . to said demised premises. . ."

While a landlord's reservation of a right to enter leased premises for the purpose of inspecting and repairing, coupled with a landlord's contractual or statutory obligation to keep certain conditions in repair may give rise to a duty to exercise ordinary care to inspect and keep the premises safe (see, e.g., *City of Dalton v. Anderson,* 72 Ga. App. 109 (33 SE2d 115)), the duty to inspect arising from such a reservation clause is only commensurate with the scope of the obligation to repair. See, e.g., *Kleinberg v. Lyons,* 39 Ga. App. 774 (2) (148 SE 535); *Levy v. Logan,* 99 Ga. App. 253 (2) (108 SE2d 307). Since under the lease agreement involved in the instant case, the duty to repair defects in the premises (other than defects in the roof, exterior and supporting walls) is in the lessee, the mere presence of a lease clause reserving the right to enter for repairs and inspection cannot impose a general duty to exercise ordinary care in making reasonable inspections of those areas of the building over which the landlord retained neither a right to control nor the duty to repair. See, e.g., *Maloof v. Blackmon,* 105 Ga. App. 207 (4b) (124 SE2d 441). Accord, *Leonard v. Fulton Nat. Bank,* 86 Ga. App. 635 (72 SE2d 93), noting that "[t]he right to inspect is not the equivalent of the right to possess premises. . ." Id., p. 638. See also 19 ALR2d 272, 274, § 2, noting that "the liability of a landlord to an employee of his tenant for injury resulting from the negligent . . . maintenance . . . of elevators in leased premises depends on whether the landlord has retained control over that part of the premises containing the

elevator." Compare *City of Dalton,* supra.

As appellant presented evidence authorizing a finding that he had fully parted with possession of that part of the premises where the injury occurred, that he had neither notice nor knowledge of the defect in the elevator and that he had not in fact inspected the elevator, we conclude that an issuable defense was raised pursuant to Code Ann. § 61-112 and that the court erred in refusing to submit the issue to the jury under proper instructions.

2. Appellant submits that the uncontradicted evidence shows that appellant had not retained any control or supervision over that part of the leased premises where the injury occurred and that the evidence fails to show that the landlord had notice or knowledge of any defect in the elevator. It is urged that this evidence required the direction of the verdict in appellant's favor. We disagree.

Contrary to appellant's contentions, the uncontradicted evidence did not show that the landlord had forfeited the right of possession as to that portion of the premises where the injury occurred. Evidence was presented that a slack cable feeler switch, an electro-mechanical safety device designed to prevent a free fall, had been disassembled and electrically bypassed and was in need of replacement. Should a jury determine that the slack cable feeler switch constituted electrical equipment within the meaning of a lease clause providing that the lessor shall promptly replace, as needed, electrical equipment installed by the lessor (cf. *Fountain v. Hagan Gas &c. Co.,* 140 Ga. 70 (1) (78 SE 423); as to the lease provisions containing this language, see Division 1 of this opinion), then this obligation to replace, coupled with the lease reservation clause would create a limited right of possession and present a jury question as to whether the landlord exercised that degree of care required of him in inspecting the elevator. See, e.g., *Sinclair Refining Co. v. Redding,* 108 Ga. App. 466, 470 (133 SE2d 421). Cf. *Thompson-Weinman & Co. v. Brock,* 144 Ga. App. 346 (1) (241 SE2d 279). This being so, appellant was not entitled to judgment as a matter of law.

3. Appellant, citing *Bullard v. Rolader,* 26 Ga. App. 742 (107 SE 548), affd. 152 Ga. 369 (1, 2) (110 SE 16),

argues that the evidence demanded a finding that the lessee, who used the elevator in the conduct of his business, was solely responsible for any injury caused by any defective condition of the elevator. We must take issue with this position.

Appellant's reliance is misplaced. *Bullard* is not authority for the proposition that a landlord has no duty to inspect an elevator operated by a lessee in the lessee's business. See *Bullard v. Rolader,* 152 Ga. 369, 372 supra, where the court declined to address "the liability of the lessor. . ." In the instant case, a jury would be authorized to find that the landlord had a duty to inspect the elevator arising from the limited right of entry, coupled with the obligation to replace. (See Division 2 of this opinion.) This being so, the evidence did not demand a finding that the tenant, and not the landlord, was solely responsible for injuries due to the condition of the elevator. Cf. *Covington v. Brewer,* 101 Ga. App. 724 (3) (115 SE2d 368), where a landlord retaining control over an elevator on leased premises was held potentially subject to liability for injuries.

4. Appellant requested a charge in accordance with *Bullard* that the tenant is responsible for injuries caused by the defective condition of an elevator used in the tenant's business. We cannot agree with appellant's contention that the refusal to give this charge constituted error.

As the liability of the tenant, if any, was simply not an issue in the instant case, and as the requested charge implied that the landlord was not responsible for any injuries resulting from the use of the elevator, the requested charge was properly refused.

5. Appellant asserts that the trial court committed reversible error in permitting a witness to testify that the elevator had fallen about a year prior to the fall in which plaintiff was injured. We disagree.

This testimony was admissible to show that the safety devices were not operating one year prior to plaintiff's injury and was relevant to the jury question of whether defendant should have discovered the defect in the exercise of ordinary care in inspecting the premises. *City of Dublin v. Howell,* 68 Ga. App. 463 (23 SE2d 177).

6. Appellant, citing *Complete Auto Transit, Inc. v. Floyd,* 214 Ga. 232, 239 (104 SE2d 208), for the proposition that the right to recover medical expenses lies in the husband and not in the wife, asserts that the court erred in permitting appellee to plead and recover for medical expenses in her own right. We find no error in the court's ruling.

The parties stipulated that appellee's medical expenses were paid by the workers' compensation carrier of appellee's employer. As medical expenses were caused to be paid by insurance which existed by reason of appellee's employment, "there can be no sound reason why in fairness and justice she should not be allowed to recover therefor." *Southeastern Air Serv., Inc. v. Crowell,* 88 Ga. App. 820, 828 (78 SE2d 103).

*Judgment reversed. Deen, C. J., and McMurray, P. J., concur.*

ARGUED APRIL 3, 1979 — DECIDED JULY 16, 1979 — REHEARING DENIED JULY 27, 1979.

*W. Ward Newton, Wilson R. Smith,* for appellants.

*Watson, Spence, Lowe & Chambless, Frank H. Lowe, Jr., McNatt, Merrill, Durden & Clifton, Hugh B. McNatt,* for appellee.