62534. POWELL v. UNITED OIL CORPORATION et al.

SOGNIER, Judge.

Powell stopped to use the restroom at a service station operated by Cardero, and alleges that someone peered at her through a hole in the restroom mirror while she was using the facilities. Cardero leases the service station from appellee United Oil Corporation (United). Powell sued Cardero, his employee Biggers, the alleged "Peeping Tom" Quienones, and United for negligence in maintaining the premises and for intentional infliction of emotional distress. The trial court granted United's motion for summary judgment and Powell appeals that order.

Appellant contends that the trial court erred in granting United's motion for summary judgment because material issues of fact remain regarding United's liability as a landlord to maintain the premises in good repair. Appellant argues that United was liable as an owner for her injuries, pursuant to Code Ann. § 105-401, by failing to exercise ordinary care in keeping the premises safe. Citing *Thompson-Weinman Co. v. Brock,* 144 Ga. App. 346 (241 SE2d 279) (1977) and *Scheer v. Cliatt,* 133 Ga. App. 702 (212 SE2d 29) (1975), appellant argues that there is a question of fact whether appellee had retained such control over the leased property as to warrant the imposition upon it of the reasonable care standard.

"The word 'owner' as used in § 105-401 is not synonymous with 'landlord' as used in § 61-112, and where the owner has fully parted

with possession by rental or lease his liabilities are measured by §
61-112, § 105-401 having no application. *Dobbs v. Noble,* 55 Ga. App.
201, 202 (2) (189 SE 694)." *Howell Gas of Athens v. Coile,* 112 Ga.
App. 732, 737 (146 SE2d 145) (1965).

"The landlord, having fully parted with possession and right of
possession, is not responsible to third persons for damages resulting
from the negligence or illegal use of the premises by the tenant; but
he is responsible to others for damages arising from defective
construction or for damages from failure to keep the premises in
repair." Code Ann. § 61-112. "A landlord is not liable for personal
injuries to a person lawfully on the premises, as one coming thereon to
do business with the tenant, arising from a defect in the premises of
which the landlord had no knowledge and which he had not been
notified to repair. [Cits.]" *Echols v. Patterson,* 60 Ga. App. 372 (4
SE2d 81) (1939).

We think the cases cited by appellant are factually dis-
tinguishable and that Code Ann. § 61-112 provides the proper
standard of care in the instant case. *Thompson-Weinman* must be
limited to the facts of the case. In the written lease, there was no
indication that the duty to repair was assumed by the tenant nor had
the landowner relinquished the right to enter, inspect, and make
improvements upon the lease property and the owner had, in fact,
made improvements on the property. In *Scheer,* there was no
evidence of a written lease and it could not be determined as a matter
of law what were the responsibilities of the parties under the rental
agreement. Thus, a jury issue was presented in each case.

In the instant case, the lease between United and Cardero
provides: "The above rented premises and equipment are accepted
by Tenant as in good condition and Tenant agrees to maintain same
in like good order as when received . . .

"(f) Tenant shall at all times maintain the premises (including
adjacent sidewalks and driveways) in good condition and repair and
keep the same, as well as Tenant's own property thereon, neat, clean
and orderly."

Under the lease agreement, the duty to maintain the premises in
good repair is in the lessee. United had no general duty to exercise
ordinary care in making reasonable inspections of those areas of the
premises over which the landlord retained neither a right to control
nor the duty to repair. *Ladson Investments v. Bagent,* 151 Ga. App.
24, 25 (258 SE2d 718) (1979).

United, as landlord had no control over the leased premises for
purposes of repair, nor did appellee have a duty to inspect or repair
the premises. Even if United had performed some repairs on the
premises at the request of the tenant, there is nothing in the record to

indicate that appellee had any notice of the defect which allegedly resulted in injury to appellant. Hence, summary judgment in favor of appellee was correct.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 6, 1982.

*J. Sherrod Taylor,* for appellant.
*James B. Hamilton,* for appellees.