## A10A0841. LAKE v. APH ENTERPRISES, LLC.
(702 SE2d 654)

ADAMS, Judge.

Early on the morning of March 7, 2007, while Foster Lake, Jr., was patronizing a restaurant in Macon, he was shot by an unknown assailant in the parking lot while trying to break up a fight between a friend and several unknown men. Lake brought suit against the restaurant owner and against the landlord APH Enterprises, LLC,

---

[4] Certiorari granted and remanded to the Court of Appeals by order March 1, 2010.

[5] Supra.

[6] *Cooke*, supra.

among others, for his injuries. The trial court granted summary judgment to APH on the ground that APH had fully parted with possession of the leased property and, therefore, could not be held liable for Lake's injuries. Lake appeals, and we affirm.

The undisputed facts show that Curtis Marshall[1] owned and operated The Sports Zone Bar and Grill located at 703 South Slappey Boulevard in Albany. In 2005, APH Enterprises, which owned other nearby properties, purchased the premises from Ray Eubanks along with the adjacent property located at 701 S. Slappey Boulevard. APH began to operate a liquor store at 701 S. Slappey, and APH and Marshall orally agreed to continue the lease for The Sports Zone under the same terms Marshall had with Eubanks. Pursuant to that agreement, Marshall was responsible for providing security and day-to-day maintenance of the premises, including the parking lot.[2] APH was responsible for repairing "major problems" with the building itself, such as a broken air conditioning unit or a leaky roof. Lake has admitted the above facts.

Evidence showed that Alex Rowe, APH's owner, "walked over a few times, in the course of several years . . . seeing how things were going . . . just like a friendly visit." Rowe also paid property taxes for the premises, deducted repair expenses, and maintained insurance on the building. Lake argued that these facts raise a question of material fact as to whether APH should be liable for his injuries. The trial court granted summary judgment in favor of APH and found that "Plaintiff has not produced any evidence to dispute . . . APH's assertion that it was an out-of-possession landlord of the premises at issue."

Summary judgment orders are reviewed de novo. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" when looking at the facts in the light most favorable to the other party. OCGA § 9-11-56. "A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. [Cit.]" (Punctuation omitted.) *Stephens v. Clairmont Center*, 230 Ga. App. 793, 794 (1) (498 SE2d 307) (1998), citing *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (405 SE2d 474) (1991).

Generally, while not insurers of an invitee's safety, "owner[s] and occupiers of land" are bound by statute to exercise ordinary care

---

[1] Curtis Marshall died at some point during this litigation.

[2] The parties dispute whether Lake was injured at 703 S. Slappey or at 705 S. Slappey Boulevard, a property unrelated to the parties here. Construing the facts in favor of Lake, we assume that Lake was injured at 703 S. Slappey.

in keeping "premises and approaches safe." OCGA § 51-3-1; see also *Lau's*, 261 Ga. at 492. On the other hand, landlords who fully part with possession and the right of possession of the premises are not liable to third parties for damages arising from the tenant's negligence:

> Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair.

OCGA § 44-7-14. See also *Martin v. Johnson-Lemon*, 271 Ga. 120, 121 (516 SE2d 66) (1999).

We find that the evidence offered by Lake is insufficient to create an issue of fact as to whether APH was an out-of-possession landlord. First, a landlord's "right to inspect is not the equivalent of the right to possess premises, so as to make the landlord liable [under OCGA § 44-7-14]." *Leonard v. Fulton Nat. Bank of Atlanta*, 86 Ga. App. 635, 638 (72 SE2d 93) (1952). Landlords still fully part with possession of leased premises when they retain limited entry or inspection rights for landlord-related purposes. See, e.g., *Webb v. Danforth*, 234 Ga. App. 211, 212 (505 SE2d 860) (1998) (landlord not liable for dog bite injuries occurring in yard where, under terms of verbal lease, landlord was responsible for maintaining "structure," while tenant was responsible for maintaining yard).[3] And the fact that the lease is not in writing is not controlling. See *Saunders v. Indus. Metals &c.*, 285 Ga. App. 415, 417 (1) (646 SE2d 294) (2007). See also *S.S. Air v. City of Vidalia*, 278 Ga. App. 149, 150 (1) (628 SE2d 117) (2006) (landlord-tenant relationship can exist without formal lease agreement).

This case is analogous to *Webb*. In both cases it was not disputed that the landlord was responsible by verbal lease for the main structure, while the tenant was responsible for maintaining the area where the injury occurred. Both landlords retained limited entry or inspection rights that were unrelated to the cause of the injuries.

---

[3] See also *Godwin v. Olshan*, 161 Ga. App. 35, 36 (2) (288 SE2d 850) (1982) (mall landlord had fully parted with possession even though lease gave him right to "approve tenant insurance policies and the right to enter the leased premises in emergencies and during business hours for landlord-related purposes"); *McCullough v. Reyes*, 287 Ga. App. 483, 486 (1) (651 SE2d 810) (2007) (landlords out-of-possession even though they retained key to next-door home leased to family members).

Such limited rights do not "evidence such dominion and control of the premises so as to vitiate the landlord's limited liability imposed by OCGA § 44-7-14 and replace it with the liability imposed by OCGA § 51-3-1. . . ." *Webb*, 234 Ga. App. at 212. See also *Doe v. HGI Realty*, 254 Ga. App. 181, 182 (561 SE2d 450) (2002) (nothing in security measures by landlord's guards showed that guards assumed responsibility or undertook duty of providing security within stores where the injury occurred). Here, it is undisputed that Marshall had exclusive control of the parking lot where Lake's injury occurred. Moreover, there is no evidence that APH contractually undertook to remain in possession of any common areas on the property, let alone over the parking lot where Lake's injury occurred. Thus, APH is not liable. See *Godwin v. Olshan*, 161 Ga. App. 35, 36 (2) (288 SE2d 850) (1982); *McCullough v. Reyes*, 287 Ga. App. 483, 486-487 (1) (651 SE2d 810) (2007).

The case of *Thompson-Weinman &c. v. Brock*, 144 Ga. App. 346, 347 (1) (241 SE2d 279) (1977), is distinguishable. That case included a degree of commingling between the landlord and tenant not present here, and the landlord in that case was disclaiming liability for injuries to an electrical worker whom it hired to perform repairs. Finally, this Court has held that *Thompson* must be limited to its facts. *Powell v. United Oil Corp.*, 160 Ga. App. 810, 811 (287 SE2d 667) (1982).

Finally, Lake argues that he raised a question of fact regarding APH's degree of possession of 703 S. Slappey under the factors set forth in *Fontaine v. Home Depot*, 250 Ga. App. 123 (550 SE2d 691) (2001), and *Scheer v. Cliatt*, 133 Ga. App. 702 (212 SE2d 29) (1975). But neither case addressed whether a landlord had fully parted with possession for the purpose of determining his liability under OCGA § 44-7-14.

For the reasons set forth above, the trial court's grant of summary judgment to APH should be affirmed. See also *Plott v. Cloer*, 219 Ga. App. 130, 131 (1) (464 SE2d 39) (1995) (landlord not liable where he owned most of the duplexes in the subdivision, there were no common areas under his control, and "[plaintiff's] injuries were the result of the independent, criminal conduct of a third party which occurred within the premises over which [the tenant] had complete control").

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 5, 2010.

*Flynn & Peeler, Patrick S. Flynn*, for appellant.

*Hall & Williamson, Michael C. Hall, Watson Spence, John M. Stephenson, T. Lee Bishop, Jr.*, for appellee.