33352. Consolidated Stores Inc. *v.* Towler.

Worrill, J. Where from the pleadings and the evidence it appears that the plaintiff was employed as a store manager by the defendant under an agreement whereby he was to receive as compensation a stated salary and 15 percent of the net profits of the store, and where subsequently thereto the plaintiff was discharged by the defendant without cause, and where, upon the trial of this action to recover the 15 percent of the net profits of the store during the year that the plaintiff was discharged, the plaintiff testified that at the time he was discharged he had between $600 and $700 coming to him as his share of the profits for that part of the defendant's fiscal year that he had worked, and he further testified, as the jury was authorized to find, that at the time he was discharged the defendant admitted, that he owed approximately this amount, but testified also that he did not know what the profits were up to the time he was discharged or what they were for the entire fiscal year, and where the defendant's evidence tended to show that the store where the plaintiff had worked as manager had showed a net operating loss for the fiscal year in which the plaintiff was discharged, and introduced in evidence a purported auditor's statement showing such loss, the jury were authorized to infer, assuming that defendant's evidence as to the loss was of some probative value, that despite an over-all loss for the entire fiscal year, that the store, during the period of plaintiff's management of it, had shown a profit such as to entitle the plaintiff to between $600 and $700 as his share in the net profits for such period, and consequently a verdict for the plaintiff in the sum of $650 was within the range of the evidence and the trial court did not err in overruling the motion for a new trial complaining merely that the verdict was not authorized by the evidence.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232.)

*Judgment affirmed. Sutton, C.J., MacIntyre, P.J., Gardner and Townsend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. I do not think there is any evidence in the case authorizing the jury to find for the plaintiff in any amount. The plaintiff himself testified that he did not know what the profits were up to the time he was discharged because an audit was necessary and there was none. The court construes the plaintiff's testimony as being to the effect that defendant admitted owing plaintiff $650 or $700 at the time of the discharge. Here is the testimony referred to: "He told me if I let it go until October I would have more money coming to me then. Under my agreement with the defendant, Mr. McNevin, it was not due until October. He said he could pay me in October and that it should be more. He could not figure exactly what it would be at that time but approximately it would be $650 or $700." I just cannot see how this testimony could be construed to mean that the defendant admitted that the 15% commission on the profits was $650 or $700 at the time of the discharge. The only reasonable interpretation of the testimony under all the facts is that the defendant told plaintiff that his commissions would be more if he waited until October than if he just got the commission up to the time of the discharge. He did not mean to say how much was then due because he couldn't tell without an audit, and if he sought to estimate it, it would not have amounted to an admission. The estimate was that of the plaintiff and not the defendant. Even if the defendant admitted that the store showed such a profit at the time of the discharge that 15% would be $650 or $700, that did not mean that the plaintiff was entitled to that much because the agreement was to pay plaintiff 15% of a year's profit and in computing what the plaintiff was entitled to up to the time of the discharge, the proper way to do so would be to compare the whole year's profits with the period during the year the plaintiff was entitled to commission on the profits. For example, if the plaintiff had a contract for a year and worked January, February and March, he would be entitled to 15% of one-fourth of the profits for the entire year and not 15% of the profits shown during the first quarter year. At most the defendant meant to say only that the plaintiff's share would be more on a yearly basis than a part of a year basis. The evidence showed a loss for the entire year in this case and the plaintiff was not entitled to recover anything.

DECIDED MAY 25, 1951.

*W. A. Slaton,* for plaintiff in error.
*Earle Norman,* contra.