### 39245. MALOOF v. BLACKMON *et al.*

CUSTER, Judge. 1. It was stated in *Holloman v. Henry Grady Hotel Co.,* 42 Ga. App. 347, 348 (156 SE 275) that this court may take judicial notice of the fact that marble is a proper material from which to construct a stairway, and that, even when polished, it is not naturally slick and dangerous. To an even greater extent would this observation apply to stairs constructed of brick. Where, as here, the petition alleges that the night was wet and rainy and the plaintiff was injured while stepping on the bottom tread of outside porch stairs constructed of brick, the further charge that the steps were wet and slick and that the defendants were negligent in maintaining them in an extremely slick and dangerous condition, without more, is insufficient to charge negligence in the construction of the steps or to show that their condition was caused by anything other than natural weather conditions, of which the plaintiff was as well aware as the defendants. See *Bessman v. Greyhound Bus Depot of Atlanta,* 81 Ga. App.

428 (58 SE2d 922); *McCrory Stores Corp. v. Ahern*, 65 Ga. App. 334 (15 SE2d 797); *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840 (57 SE2d 680).

2. There is no duty on the part of a landlord to maintain lights or to illuminate passageways, porches and steps in the absence of a contractual obligation to do so, or when so required by statute. *Phillips v. Ray-Jean, Inc.*, 84 Ga. App. 28, 39 (65 SE2d 617). See also *Srochi v. Hightower*, 57 Ga. App. 322 (195 SE 323) and citations.

3. "Negligence, to be the basis of recovery, must be the proximate cause of the injury." *Western & Atlantic R. v. Crawford*, 47 Ga. App. 591, 593 (170 SE 824); *Vinson v. Willingham Cotton Mills*, 2 Ga. App. 53 (4) (58 SE 413). It appearing here that the plaintiff's injuries resulted in slipping from one of the porch steps, the fact that the walkway below was not even with the ground level, although this might have been a fault in original construction, does not appear to be any part of the proximate cause of the injuries received, and is therefore not negligence on which a recovery can be predicated in this case.

4. (a) While the duties of the owner of an apartment house who reserves a qualified right of possession of the halls, steps, porches, or other parts of the building of which common use is made by the tenants are as set out in *Code* § 105-401, and render him liable for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe (see *Rothberg v. Bradley*, 85 Ga. App. 477 (1), 69 SE2d 293), as to an owner and landlord who fully parts with possession of the premises, the liability is provided in *Code* § 61-112 and relates only to injuries occasioned by defective construction or failure to keep the premises in repair where there is a duty to repair and notice has been given of the defect (*Chamberlain v. Nash*, 54 Ga. App. 508, 188 SE 276).

(b) The petition here fails to allege that the defendant landlords retained any control or supervision of any part of the apartment house where the plaintiff, an invitee of one of the tenants, was injured, or that the injury resulted from a defect in the construction of the steps or because of any condition which the defendants had notice of and a duty to repair. It follows that no cause of action was set out.

The trial court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED JANUARY 16, 1962.

*Grover C. Willis, Jr.,* for plaintiff in error.
*Kelly, Champion & Henson, S. E. Kelly, Jr.,* contra.