## 54083. ALEXANDER v. HARNICK.

BANKE, Judge.

This is a wrongful death action involving the drowning of the plaintiff's daughter while an invitee on the defendant's houseboat. The appeal is from the trial court's grant of summary judgment to the defendant.

The decedent apparently jumped from the houseboat into the water in an attempt to rescue her dog, which had jumped or fallen overboard. The defendant then attempted unsuccessfully to maneuver the boat next to her and, seeing that she was unable to swim to the boat, dove in to save her. She grabbed onto his leg but, as he swam back to the boat, lost her grip and slipped underwater. The defendant then swam back to the boat and again tried unsuccessfully to maneuver it next to her, while simultaneously attempting to summon help on the radio.

At the time of the incident, the defendant was in violation of Code Ann. § 17-608 (d) (Ga. L. 1976, pp. 1632, 1633), which is a provision of the Georgia Boat Safety Act, in that he did not have any throwable life preservers on board as required by the rules and regulations of the Board of Natural Resources promulgated pursuant to the statute. Furthermore, the life vests which he did have on board were in a storage area where they were apparently not "readily accessible" as required by the Act. Code Ann. § 17-608 (d) (2). The defendant stated in his deposition that he simply did not think to try to utilize these vests.

1. The trial court acknowledged the existence of the statutory violations but ruled that there could be no causal link between them and the decedent's death since "the defendant did not think of using any of the available equipment and there was no one else on board to do so." We do not agree with this conclusion. A jury might well find in the circumstances of this case that, had the proper equipment been more accessible, and therefore more visible, the defendant would have thought to use it, and the decedent's drowning would have been averted.

"Where the minds of reasonable men may disagree as

to whether an act alleged to be negligence is in fact negligence, and where reasonable minds may disagree as to whether the negligent acts were the proximate cause of an injury, these questions should go to a jury for decision. *Young v. Tate,* 112 Ga. App. 603 (145 SE2d 747). 'Questions as to diligence, negligence and proximate cause will not be decided by the courts as a matter of law except in clear and indisputable cases.' *Hargrove v. Tanner,* 98 Ga. App. 16 (104 SE2d 665)." *Trotter v. Peet,* 135 Ga. App. 580, 582 (218 SE2d 295) (1975).

2. Similarly, a jury would not be precluded from finding that the absence of the safety equipment was the proximate cause of the decedent's death merely because she entered the water voluntarily. The purpose of the statute is clearly to protect any boat passenger who might suddenly have need of a life preserver, regardless of whether he or she enters the water voluntarily or involuntarily; and it is certainly not unforeseeable that such a need might arise on any vessel.

3. The trial court concluded that the defendant could not be held liable for the unskillfulness of his rescue efforts in view of the general principle that a person is under no duty to rescue another from a situation of peril which the former has not caused. See *Flicken v. Southern Cotton Oil Co.,* 40 Ga. App. 841 (1) (1929); *Handiboe v. McCarthy,* 114 Ga. App. 541, 543 (4) (151 SE2d 905) (1966). This principle, however, is not applicable to the case at bar. The decedent's peril was not merely characterized by her being in the water, it was characterized by her being in the water without a life preserver available, a situation which a jury might find that the defendant helped to create by taking her onto the lake without the required safety equipment. "[I]f the defendant's own negligence has been responsible for the plaintiff's situation, a relation has arisen which imposes a duty to make a reasonable effort to give assistance, and avoid any further harm. 65 CJS 550, § 55; Prosser on Torts (2d ed.) 185, § 38. Accord, *Hardy v. Brooks,* 103 Ga. App. 124, 126 (118 SE2d 492)." *Thomas v. Williams,* 105 Ga. App. 321, 326 (124 SE2d 409) (1962).

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JUNE 9, 1977 — DECIDED JULY 13, 1977.

*Jones, Wilson & Tomlinson, Robert P. Wilson, Lloyd M. Feiler, Malone & Percilla, Thomas William Malone, Alan M. Alexander, Jr.,* for appellant.
*Eugene O'Brien,* for appellee.