## 55493. JONES et al. v. INTERSTATE NORTH ASSOCIATES et al.

DEEN, Presiding Judge.

The four defendant companies are either owners or managers of Interstate North Office Park, which through various agreements was maintained by Cousins Properties, Inc. The intestate Jones was a maintenance man employed by the latter at the time he drowned while in an artificial lake on the property for the purpose of fixing a fountain. His administratrix appeals from the grant of

summary judgment for the defendants in an action for damages based on negligence allegedly causing his death.

It appears from the affidavits and depositions submitted that there were several fountains on the premises subject to mechanical failure; that Jones had assisted under supervision in prior operations to repair a fountain by opening a valve. His supervisor, Kelly, usually dove down at the end of a pipe extending into the lake approximately 50 to 75 feet, where the "squirter" mechanism was, while other persons worked with machinery on the bank. Jones was familiar with the procedure, brought his bathing suit, and requested to be allowed to do the diving, to which Kelly assented. He then "porpoised around" in the water, swam out past the pipe and fountain, was called back but suddenly sank before getting back to the pipe. Kelly attempted to rescue him but failed, and was ultimately rescued by the third person present, a nonswimmer. Jones was dead when brought to shore.

The drowning occurred in seven or eight feet of water, apparently just a few feet beyond the pipe, on which the deceased might have found support; however, if this is true it is unclear why his attempted rescuer was unable to utilize it. The negligence alleged is that the water was murky, the deceased had no water training or safety equipment, and there were no boats, life preservers, etc. Appellant urges a similarity to *Alexander v. Harnick,* 142 Ga. App. 816 (237 SE2d 221) (1977), where an invitee drowned after voluntarily jumping off a houseboat. The distinction is that the court in *Alexander* found there existed certain violations of the Georgia Boat Safety Act which constituted negligence per se. In the present case no negligence per se is alleged. As to common law negligence, we find nothing in the record which would amount to a lack of ordinary care on the part of the owners in maintaining the premises. See *Laite v. Baxter,* 126 Ga. App. 743 (191 SE2d 531) (1972), a swimming pool case, and Code § 105-401. Opening the fountain valves was a part of the job of maintaining the premises and was attended to by Cousins Properties, Inc., which was not named as a defendant. Jones was not asked by his superior to go out into the water, but insisted on doing so,

and once there he left the vicinity of the pipe, which would have kept him above water, and swam beyond the work area. The action was voluntary, was not the result of emergency, and if performed properly would not have taken him beyond the support of the pipe. Where there was no duty on the deceased as an employee to enter the water, he is in the same position, as to negligence, as was the tenant in *Auerbach v. Padgett,* 122 Ga. App. 79, 81 (176 SE2d 193) (1970), in that the owners owed both only a duty of ordinary care to keep the premises safe for them. "Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully on the premises. The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality . . . It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted." Jones was working for a company which, as independent contractor, had the duty of attending to the actual day to day maintenance of the premises, and it would seem that if repairing the fountain was a job involving additional safety equipment it would be up to the contractor doing the work to furnish it. The appellant has simply failed to show negligence on the part of the owners. Ownership alone, in the absence of negligence, imposes no liability for injury sustained on the premises. *Slaughter v. Slaughter,* 122 Ga. App. 374 (1) (177 SE2d 119) (1970).

The judgment sustaining the motion for summary judgment is affirmed.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED MARCH 1, 1978 — DECIDED MARCH 17, 1978.

*Irwin M. Levine,* for appellants.
*Swift, Currie, McGhee & Hiers, Irwin W. Stolz, Jr., Clifford E. Hardwick, IV,* for appellees.