## 62699. GODWIN et al. v. OLSHAN.

SHULMAN, Presiding Judge.

Lewis C. Godwin was injured when he was shot during an attempted armed robbery at his place of employment, a sandwich shop located in Akers Mill Shopping Center, a shopping center owned and operated by appellee Morton Olshan. The victim, by next friend

Florence Godwin (his mother), sued appellee for negligence, and Charles Godwin, the victim's father, sued for reimbursement of the cost of his son's medical care necessitated by the shooting incident. Appellants urge as error the trial court's grant of appellee's motion for summary judgment and maintain that the victim's injury was the proximate result of the breach of appellee's alleged contractual or legal duty to provide security for the shopping center.

1. Contained in the lease between appellee and his tenant, Lewis' employer, is a clause which provides for the assumption of the cost of security for the common areas of the shopping center by the tenants should the landlord decide to provide such security. It is undisputed that appellee provided security for the common areas; appellants posit that the security provided was inadequate and that the victim's injuries resulted from this inadequacy.

Assuming that the appellee-landlord had a contractual duty to provide security, that duty was to each of his tenants and concerned the common areas of the shopping center. Appellee had no contractual duty to Lewis, an employee of a tenant, injured in a non-common area of the shopping center. Since appellee had no contractual duty to appellants to provide security, the trial court did not err when it granted summary judgment to appellee on the issue of contractual duty.

2. A landlord who fully parts with possession of the premises is only liable to a third party for damages arising from defective construction or from failure to keep the premises repaired. Code Ann. § 61-112. The duties of the owner of property who controls the common areas of leased property are set out in Code Ann. § 105-401: the landlord owes a duty to persons induced to come upon the premises for lawful purposes to use ordinary care in keeping the premises and approaches safe. Thus, appellee had a legal duty to keep the common areas safe, but had no such duty with respect to the leased areas of the shopping center. See *Maloof v. Blackmon,* 105 Ga. App. 207 (4) (124 SE2d 441). Appellants maintain that there is a question whether appellee fully parted with possession of the leased premises. However, retention of the right to approve tenant insurance policies and the right to enter the leased premises in emergencies and during business hours for landlord-related purposes does not evidence such dominion and control of the premises so as to vitiate appellee's limited liability under Code Ann. § 61-112 and replace it with the liability imposed by Code Ann. § 105-401. *Ladson Investments v. Bagent,* 151 Ga. App. 24 (1) (258 SE2d 718); *Leonard v. Fulton Nat. Bank,* 86 Ga. App. 635, 638 (72 SE2d 93). Thus, appellee had no duty to provide security for the area within which the victim was injured.

3. Appellants wish to show that appellee failed to exercise due care with respect to providing security for the common areas and that, had the proper care been exercised by appellee, the criminal element would have been deterred from entering the sandwich shop and the victim would not have been shot. After considering such an argument, we must agree with the Supreme Court of New Jersey when it stated: "[T]here would also be exceptional uncertainty with respect to the issue of causation. This is so because of the extraordinary speculation inherent in the subject of deterrence of men bent upon criminal ventures. It would be quite a guessing game to determine whether some unknown thug of unknowable character and mentality would have been deterred if the owner had furnished . . . some additional policemen. It must be remembered that police protection does not, and cannot, provide assurance against criminal attacks, and so the topic presupposes that inevitably crimes will be committed notwithstanding the sufficiency of the force." Goldberg v. Housing Auth. of Newark, 38 N. J. 578 (186 A2d 291, 297). The trial court did not err when it granted summary judgment to appellee.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 22, 1982.

*G. Fred Bostick,* for appellants.
*Dennis J. Webb, Brian A. Boyle,* for appellee.