## 70316. COOPERWOOD v. AULD.
(334 SE2d 22)

BENHAM, Judge.

Appellant/tenant filed suit against appellee/landlord, alleging that she had been raped and had suffered injuries appurtenant thereto due to the negligence of appellee's employee, which negligence was allegedly attributable to appellee. This appeal followed the grant of summary judgment to appellee.

Appellee's motion for summary judgment was accompanied by the affidavits of appellee and his employee. Each affiant averred that, prior to hearing about the incident involving appellant, he had no knowledge or notice of criminal activity occurring on the apartment premises. In opposition to the motion, appellant executed an affidavit in which she stated that the employee's duties included "looking out for the safety of the apartment premises and the residents," and that the employee had admitted to appellant that he saw her assailant attempting to break into her apartment the morning she was raped but had not reported his observation.

The trial court erred in granting summary judgment to appellee. In *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982), the Supreme Court held that "a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence . . ." The logical extension of the *Gibbons* rule is to permit a non-moving party to withstand a motion for summary judgment by submitting sworn testimony averring personal knowledge of the existence of a prior inconsistent statement made by the witness upon whose sworn testimony the movant relies. In the case at bar, appellant's affidavit containing the employee's statement to her that he saw her assailant attempting to break into her apartment is sworn testimony of personal knowledge that the employee earlier made a statement inconsistent with the sworn testimony he later gave in support of the motion for summary judgment, i.e., that he had no prior knowledge of criminal activity occurring on the apartment premises. The fact that this court did not rely on *Gibbons* in its decision in *Stouffer Corp. v. Henkel*, 170 Ga. App. 383 (317 SE2d 222) (1984), does not give us reason to pause since *Stouffer* did not involve inconsistent statements made by a witness.

Appellee contends that a consideration of the merits of the case calls for the grant of summary judgment in his favor and cites *Tolbert v. Captain Joe's Seafood*, 170 Ga. App. 26 (316 SE2d 11) (1984), and *McCoy v. Gay*, 165 Ga. App. 590 (302 SE2d 130) (1983), in support of his argument. Each of those cases, however, concerns a landowner or occupier's duty to invitees under OCGA § 51-3-1. However, " '[t]he word "owner" as used in [OCGA § 51-3-1] is not synonymous with "landlord" as used in [OCGA § 44-7-14], and where the owner has

fully parted with possession by rental or lease his liabilities are measured by [OCGA § 44-7-14], [OCGA § 51-3-1] having no application.' [Cits.]" *Powell v. United Oil Corp.*, 160 Ga. App. 810 (287 SE2d 667) (1982). Under OCGA § 44-7-14, a landlord is, inter alia, responsible for damages arising from the failure to keep the premises in repair, which is not the negligence alleged by appellant. However, since the record contains some evidence that the duties of appellee's employee included "looking out for the safety of the apartment premises and the residents," there remain questions whether appellee had assumed a duty to provide security for the apartment complex and whether that duty had been performed in a non-negligent manner. Cf. *Godwin v. Olshan*, 161 Ga. App. 35 (288 SE2d 850) (1982). Construing, as we must, the evidence in the light most favorable to the non-moving party, we cannot say that appellee was entitled to judgment as a matter of law.

*Judgment reversed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 3, 1985.

*Joseph H. King, Jr.*, for appellant.
*David D. Rawlins*, for appellee.