## A95A2100. GALE v. NORTH MEADOW ASSOCIATES JOINT VENTURE et al.

### (466 SE2d 648)

ANDREWS, Judge.

Hyun-Sook Alexis Gale was shot and killed while working in the rented business offices of her employer, Mon Ami International. Kenneth Gale, as the deceased's surviving spouse and the administrator of her estate, sued the property owners and managers of the office complex where Mon Ami's rented office was located, claiming the lessor defendants breached a duty to provide adequate security at the office complex. Kenneth Gale appeals from the order of the trial court granting summary judgment in favor of the defendants.

The lease provided that the lessor would provide security services in the common areas of the office complex and that the lessee was given exclusive control of the portion of the premises rented as office space. The parties agree that Gale was shot and killed by a co-worker between 9:00 and 11:00 a.m. in the office space rented by Mon Ami. Although the record reflects there was pre-existing animosity between the co-worker and Gale arising out of their business relationship, there is no evidence in the record that Gale had any reason to believe the co-worker intended to physically harm her prior to the shooting. The defendants had no prior knowledge of any problems between Gale and the co-worker.

This is not a case based on evidence of prior criminal activity making it foreseeable to the defendants that this type of crime would occur on the premises, thus creating a duty to exercise ordinary care to prevent the criminal attack. See *Days Inns of America v. Matt*, 265 Ga. 235 (454 SE2d 507) (1995). There was no evidence of any prior criminal activity which would have made the occurrence of a substantially similar crime on the premises foreseeable to the defendants. Id. In any event, the evidence shows this attack arose from pre-existing animosity between Gale and a co-worker, which could not have been foreseeable to the defendants. See *Reid v. Augusta-Richmond County Coliseum Auth.*, 203 Ga. App. 235, 237 (416 SE2d 776) (1992). More importantly, it is undisputed Gale was shot and killed, not in a common area of the office complex premises over which the lessor defendants retained control and provided security, but in the Mon Ami office space over which the lessee had exclusive control and in which the lessor defendants had no duty to provide security. *Godwin v. Olshan*, 161 Ga. App. 35, 36 (288 SE2d 850) (1982). Moreover, this case does not involve forced entry into the lessee's rented space or any claim that the attack occurred because the lessor breached a duty to provide adequate locks, security devices, or security in the common areas of the office complex. Compare *Warner v. Arnold*, 133 Ga. App. 174 (210 SE2d 350) (1974).

Nevertheless, appellant claims the lessor defendants had reasonable notice that the attack on Gale in the Mon Ami offices was about to occur and negligently failed to exercise ordinary care to prevent it. This claim is based on evidence that about 9:30 a.m. on the morning Gale was shot and killed, a maintenance worker for the defendants saw a man open the back door of the Mon Ami office from the inside. The worker noticed the man lean out the door, look around, then lean back inside and close the door. A few seconds later, the worker saw the same man again open the door from the inside and take a handkerchief out of his suit coat pocket. With the handkerchief covering his hand, he leaned out to pick up a briefcase sitting just outside the door, then went back inside with the briefcase and closed the door. The man was dressed in a suit and overcoat, appeared "vaguely familiar" to the worker, and was wearing what the worker described as a costume-type wig on his head. After observing these events, which the worker later described as "kind of unusual" and "kind of strange," the worker did nothing and went on to complete his work at other locations. Later that afternoon, Gale's body was discovered by a delivery person. When the maintenance worker learned of the shooting later in the day, he reported his observations to the defendants' property manager and to the police. Sometime after the day of the shooting, the maintenance worker recognized that the man he saw lean out the door was a Mon Ami employee he had seen at the Mon Ami offices prior to and after the day of the shooting. He reported this to the police. The man observed by the maintenance worker was eventually identified as the co-worker the parties agree shot and killed Gale.

In claiming the defendants breached a duty to prevent the shooting, the appellant contends we should apply the rule stated in *Shockley v. Zayre of Atlanta*, 118 Ga. App. 672, 673 (165 SE2d 179) (1968), and similar cases establishing that when a proprietor or his employee should reasonably apprehend that an invitee on the business premises is in danger of being injured by the misconduct of another person on the premises, the proprietor has a duty to exercise ordinary care to protect the invitee from the injury. The failure to do so when the proprietor has an opportunity to foresee and prevent the injury may constitute negligence. Id.; see *Shell Oil Co. v. Diehl*, 205 Ga. App. 367, 368 (422 SE2d 63) (1992).

The rule stated in *Shockley*, supra, does not control this case. Generally, a landlord, "if he knows, or in the exercise of ordinary care ought to know, of a possibly dangerous situation and fails to take such steps as an ordinarily prudent person, in view of existing circumstances, would have exercised to avoid injury to his tenant, he may be liable. . . ." *Warner*, supra at 178. However, a landlord's duty under OCGA § 51-3-1 to keep safe portions of the leased premises designated as common areas in which the landlord has reserved a qualified

right of possession, does not extend to the leased areas of the premises over which the tenant has exclusive possession and control. *Godwin*, supra; *Maloof v. Blackmon*, 105 Ga. App. 207, 208 (124 SE2d 441) (1962). Even "retention of . . . the right to enter the leased premises in emergencies and during business hours for landlord-related purposes does not evidence such dominion and control of the premises so as to vitiate [the landlord's] limited liability under [OCGA § 44-7-14] and replace it with the liability imposed by [OCGA § 51-3-1]." *Godwin*, supra at 36; *Cooperwood v. Auld*, 175 Ga. App. 694, 695 (334 SE2d 22) (1985). Accordingly, the defendants had no duty to provide security in the office space where the shooting occurred, which was in the exclusive possession and control of the tenant, Mon Ami.

The observations of the defendants' maintenance worker created no duty on the part of the lessor defendants to foresee or prevent the attack on Gale. In the first place, the activity witnessed by the maintenance worker was insufficient, as a matter of law, to have caused any reasonable person to foresee what happened to Gale. Moreover, the defendants' maintenance worker was obviously not trained as or expected to perform the duties of a security guard. "Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness" in determining duty to foresee and prevent injury. (Citations and punctuation omitted.) *Shockley*, supra at 675. Since the lessor defendants could not have reasonably foreseen the attack, there is no basis for claiming they should have done anything to try to prevent it.

Even if, based on the events observed by their agent, the lessor defendants could have been charged with reasonably foreseeing that some type of mischief was afoot inside the Mon Ami offices, the defendants had no duty to enter the portion of the premises under the exclusive possession and control of the tenant to investigate or intervene. *Godwin*, supra; *Maloof*, supra. Even if the defendants could have immediately called the police and reported what had been observed in the Mon Ami offices, but failed to do so, they breached no legal duty. Since the attack on Gale occurred in an area under the exclusive possession and control of the tenant, and this is not a case where the defendants' negligence caused the perilous situation, no relation arose which would impose a legal duty on the lessor defendants to make a reasonable effort to render assistance and avoid any further harm. Compare *Alexander v. Harnick*, 142 Ga. App. 816, 817 (237 SE2d 221) (1977); *Thomas v. Williams*, 105 Ga. App. 321, 326 (124 SE2d 409) (1962).

There being no evidence that the defendants breached any duty owed to Gale, the criminal act of Gale's co-worker was the sole proxi-

mate cause of Gale's death. The trial court properly granted summary judgment in favor of the defendants.

*Judgment affirmed. McMurray, P. J., concurs. Blackburn, J., concurs in the judgment only.*

DECIDED DECEMBER 21, 1995 —
RECONSIDERATION DENIED JANUARY 9, 1996 —

*Albert A. Chapar, Jr.,* for appellant.
*Goodman, McGuffey, Aust & Lindsey, William S. Goodman, Kathryn A. Cater, Ford & Harrison, F. Carter Tate, Ruth H. Heinzman,* for appellees.