A97A2424. STEPHENS et al. v. CLAIRMONT CENTER, INC.
(498 SE2d 307)

ANDREWS, Chief Judge.

Mr. and Mrs. Stephens[1] appeal from the grant of summary judgment to Clairmont Center, Inc.[2] in their action alleging failure to provide adequate security at the shopping center owned by Clairmont.

1. In reviewing grant or denial of summary judgment, this Court conducts a de novo review of the evidence. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996); *Gaskins v. Hand*, 219

---

[1] Mrs. Stephens' claim was for loss of consortium.

[2] The original action also named as defendants Davis and his corporation, who employed Mr. Stephens in the Abacus Pawn Shop located in the shopping center, but the action against them has been settled and dismissed, leaving only Clairmont Center, Inc.

Ga. App. 823 (466 SE2d 688) (1996).

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

So viewed, the evidence here was that Davis assumed a lease at the shopping center and began operating Abacus Pawn Shop there in December 1993. Stephens carried a gun and acted as security for the woman who ran the shop for Davis, and Mrs. Stephens did some bookkeeping. Davis had installed burglar bars and a security system in the shop and was contemplating additional security measures. On March 23, 1994, three men posing as customers entered the shop and, in an attempt to rob it, shot Stephens.

Self, who collected rent and took care of maintenance matters for Clairmont, acknowledged that Clairmont had installed burglar doors on the rear of some of the other leased premises at the request of those tenants. Otherwise, there were no security measures provided by Clairmont other than lighting of common areas and locks on the doors. Several tenants, in addition to Davis, had installed their own security systems.

Tennenbaum, president of Clairmont, stated unequivocally that Clairmont "did not provide security within any of the leased space at Clairmont," and Stephens acknowledged in his deposition that the landlord did not provide security. There is no copy of the lease at issue in the record.

2. "The general rule regarding premises liability is that a landlord does not insure tenants' safety against third-party criminal attacks, and that any liability from such attacks must be predicated on a breach of duty to 'exercise ordinary care in keeping the premises and approaches safe.' OCGA § 51-3-1." *Sturbridge Partners v. Walker*, 267 Ga. 785 (482 SE2d 339) (1997).

This case does not turn on the foreseeability of the criminal acts, id., but on the duty or lack thereof of the landlord with regard to security inside Abacus Pawn Shop. "[A] landlord's duty under OCGA § 51-3-1 to keep safe portions of the leased premises designated as common areas in which the landlord has reserved a qualified right of possession[ ] does not extend to the leased areas of the premises over

which the tenant has exclusive possession and control. *Godwin* [*v. Olshan*, 161 Ga. App. 35, 36 (288 SE2d 850) (1982)]; *Maloof v. Blackmon*, 105 Ga. App. 207, 208 (124 SE2d 441) (1962)." *Gale v. North Meadow Assoc.*, 219 Ga. App. 801, 802 (466 SE2d 648) (1996).

Here, as in *Gale*, there has been no showing made by plaintiffs to refute Clairmont's evidence that it had no duty to provide security inside any of the leased spaces. Merely providing burglar bars on the rear exits of leased spaces at the requests of tenants other than Davis will not impose such a duty.

Further, even assuming a breach of a duty to provide security in the common area, there is no evidence to causally link such a breach to the injuries suffered by Stephens. The assailants entered the shop as business invitees, not intruders.

Therefore, summary judgment was properly granted to Clairmont. See *Roberts v. Forte Hotels*, 227 Ga. App. 471, 473 (2) (489 SE2d 540) (1997).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED FEBRUARY 26, 1998.

*Ransopher & Tedrick, Tad D. Ransopher, Renee L. Tedrick*, for appellants.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Shivers & Associates, Jeanne F. Johnson, Mary S. Bryson*, for appellee.