A99A0152. FALLON v. METROPOLITAN LIFE INSURANCE COMPANY et al.
(518 SE2d 170)

ANDREWS, Judge.

Colleen Fallon appeals from the trial court's order granting Metropolitan Life Insurance Company's motion for summary judgment.

Fallon, who worked in one of the stores in a shopping center owned by Metropolitan, sued Metropolitan and the management company of the shopping center after a man raped her while she was alone in the store. The trial court granted Metropolitan's (landlord's) motion for summary judgment, and we affirm.

Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the nonmovant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

> A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

Id.

1. In her first enumeration of error, Fallon claims the trial court erred in finding the landlord had no duty of care because the incident occurred within leased premises over which the landlord had surrendered exclusive possession and control to the commercial tenant. Fallon contends that because there was a similar incident several months earlier at the shopping center, the landlord had a duty to protect tenants from foreseeable attacks. Fallon concedes that the landlord was under no duty to provide security inside the store, but argues that under OCGA § 51-3-1 the landlord had a duty to keep the common areas and approaches safe.

2. Even assuming a duty to provide security in the common areas, Fallon's claim fails because she does not show that any lack of security in the common areas was the proximate cause of her attack. To state a cause of action for negligence in Georgia, the following elements are essential:

> (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

*Brown v. RFC Mgmt.*, 189 Ga. App. 603, 604 (376 SE2d 691) (1988).

With regard to the requirement that there be a legally attributable causal connection between the conduct and the injury, "[g]uesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." *Brown v. Amerson*, 220 Ga. App. 318, 320 (469 SE2d 723) (1996).

Here, Fallon has submitted no evidence tending to show that a security guard in the common area could have prevented a passer-by from entering a store that was open to the public and committing a crime in the back of the store, out of sight of anyone either passing by or entering the store. There was nothing remarkable about the assailant; he was dressed in a jacket, a shirt and a pair of slacks. The gun he carried was hidden under the jacket. It was a little after 10:00 a.m., and the store was open to customers. Indeed, Fallon stated that she "didn't think anything about it" when the assailant first entered the store.

Fallon cites to no case law in support of her contention that there was evidence of causation sufficient to go to a jury, and we find none. Fallon relies on an expert affidavit submitted in response to the landlord's motion for summary judgment as creating an issue of fact on causation. But, the affidavit adds nothing to the record beyond a conclusory statement that it is the expert's opinion that security personnel would have a "strong deterrent effect on the type of crime that occurred here."

This is not enough to overcome well-settled case law on this issue. For instance, in *Stephens v. Clairmont Center*, 230 Ga. App. 793 (498 SE2d 307) (1998), this Court found that even assuming a breach of duty to provide security in the common area of the shopping center, there was no evidence to causally link such a breach with the attack and shooting of a store employee by three men posing as customers. Id. at 795.

Also, in *Godwin v. Olshan*, 161 Ga. App. 35, 37 (288 SE2d 850) (1982), the Court rejected the argument that the landlord should have provided security in the common areas because this would have deterred the criminal element from entering the shop. The court concluded there was a problem with causation "because of the extraordinary speculation inherent in the subject of deterrence of men bent upon criminal ventures." Id. at 37.

Likewise, in the recent case of *Post Properties v. Doe*, 230 Ga. App. 34 (495 SE2d 573) (1997) (physical precedent only), a tenant was attacked inside her apartment, and this Court found that the tenant's claims that heightened security could have prevented the attack were mere speculation and insufficient to establish a direct causal link between the lack of security and the means of entry. Id. at

40. See also *Collins v. Shepherd*, 212 Ga. App. 54, 56 (441 SE2d 458) (1994) (summary judgment was proper when plaintiff presented no evidence that lack of security was proximate cause of injury resulting from fight in the ladies' rest room).

Therefore, as Fallon has introduced no evidence on the issue of causation, the trial court correctly determined that a jury would be required to engage in pure speculation and guesswork in order to conclude that failing to provide security in the common areas of the shopping center caused the attack on an employee inside the store. *Stephens*, supra at 795; *Godwin*, supra at 37. The trial court did not err in granting the landlord's motion for summary judgment on this issue.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur in the judgment only.*

DECIDED MAY 19, 1999.

*Stevens & Associates, Ronald S. Stevens, James B. McClung*, for appellant.

*Hawkins & Parnell, Warner S. Fox, Matthew F. Barr*, for appellees.