A01A1718, A01A1719. DOE v. HGI REALTY, INC.; and vice versa.
(561 SE2d 450)

Andrews, Presiding Judge.

These two cases are before us on appeal following the trial court's grant of summary judgment to HGI Realty, Inc. on Jane Doe's claim for damages after she was robbed and sexually assaulted while working in a store at Calhoun Outlet Center. Doe appeals from that grant of summary judgment, and HGI Realty cross-appeals from the court's order awarding Doe $30,000 in attorney fees for discovery abuses. For the following reasons we affirm in both cases.

## Case No. A01A1718

In this case, Doe appeals from the trial court's grant of summary judgment to HGI Realty. The undisputed facts are as follows. HGI Realty owns and manages Calhoun Outlet Center, and at the time in question, Doe was an employee at the Welcome Home Store, one of the businesses in the outlet center. On the afternoon of January 24, 1995, Doe was working at the store with Margaret Craig, the manager. Around 3:00 p.m., Doe first saw the assailant come into the store, but she did not become suspicious because he looked like any other customer. Approximately 30 to 45 minutes later, the man came back and pointed a gun at Doe and Craig. The man took the money from the cash register and told Craig to lock the door. He took both women into the back, shut Craig in the bathroom, took Doe into the office and sexually assaulted her.

Doe points out that although HGI Realty had been providing security in the common areas during business hours, it discontinued this security approximately three weeks before the attack. Doe also introduced evidence of one other violent incident in which a store employee was robbed at knifepoint in October 1993. But, there is no evidence in the record that anyone was ever hurt, injured, or sexually assaulted at the outlet center.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of

evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

Doe acknowledges that the landlord's duty under OCGA § 51-3-1 to keep safe those portions of the leased premises designated as common areas in which the landlord has reserved a qualified right of possession does not extend to the leased areas of the premises over which the tenant has exclusive possession and control. *Stephens v. Clairmont Center*, 230 Ga. App. 793, 794-795 (2) (498 SE2d 307) (1998); *Gale v. North Meadow Assoc. Joint Venture*, 219 Ga. App. 801, 802-803 (466 SE2d 648) (1996); *Plott v. Cloer*, 219 Ga. App. 130, 131 (1) (464 SE2d 39) (1995). Neither does Doe argue on appeal that failing to provide security in the common areas was a proximate cause of the criminal attack within the leased premises. See, e.g., *Fallon v. Metro. Life Ins. Co.*, 238 Ga. App. 156 (518 SE2d 170) (1999) (physical precedent only); *Stephens v. Clairmont Center*, supra; *Post Properties v. Doe*, 230 Ga. App. 34 (495 SE2d 573) (1997) (physical precedent only); *Godwin v. Olshan*, 161 Ga. App. 35, 37 (288 SE2d 850) (1982).

Doe contends on appeal that there was an issue of fact as to whether HGI Realty *assumed* the duty of providing security *within the leased premises*. In support of this argument, Doe cites to a portion of the defendant's security manual which states that security guards were to enter each store at "random intervals."[1] Doe also states that when HGI Realty provided security during operating hours during the last quarter of 1994, security guards patrolled the common areas, entered each store daily, checked each store regularly, and investigated unusual circumstances at the stores.

But, there is nothing in the measures described above to show that the security guards assumed the responsibility or undertook the duty of providing security within the stores. This Court has consistently held that measures such as those described above do not impose additional obligations on the landlord.

> A landowner does not become an insurer of safety by taking some security precautions on behalf of invitees. Undertaking measures to protect patrons does not heighten the standard of care; and taking some measures does not ordinarily constitute evidence that further measures might be required. . . . [I]f a defendant undertakes to do more for the benefit of

---

[1] But, on the same page, the manual also states that security guards are not to go into "storage rooms, offices or dressing room areas of tenant stores unless requested to do so or permission granted by the store manager or employee in charge."

another person than the law requires, he or she may be held liable if he or she acts unreasonably or makes the situation worse, by increasing the danger, or by misleading the plaintiff into belief that it has been removed, or by depriving the plaintiff of the possibility of help from other sources.

(Citation and punctuation omitted.) *Ritz Carlton Hotel Co. v. Revel*, 216 Ga. App. 300, 303-304 (2) (454 SE2d 183) (1995). See generally *Lau's Corp.*, supra at 495; *Stephens v. Clairmont Center*, supra at 795 (2); *Doe v. Prudential-Bache/A.G. Spanos Realty &c.*, 222 Ga. App. 169, 174 (474 SE2d 31) (1996).

Here, Doe stated in her deposition that she knew there was no security during business hours, and there is no evidence that any of the other factors listed above exist in this case. The trial court did not err in granting HGI Realty's motion for summary judgment.

### Case No. A01A1719

In this case, HGI Realty appeals from the trial court's order awarding attorney fees of $30,000 to Doe's counsel after finding that the discovery misconduct of defendants and their counsel was "nothing short of deplorable." The trial court allowed plaintiff's counsel "to redepose any witness whose testimony has been improperly interrupted or influenced by counsel for Defendants." All fees and costs associated with the discovery abuse remedies were to be borne by defendants and defendants' counsel.

Plaintiff's counsel submitted a request for attorney fees of $118,354.50, which the court denied, finding that plaintiff had not submitted competent evidence to support it. Plaintiff then submitted affidavits in support of the request, stating that the rates were reasonable. The court found that the rates were neither reasonable nor necessary. The court reduced the amount of fees requested to $30,000, and it is from this award that HGI Realty appeals.

OCGA § 9-15-14 (b) provides that the

court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act."

OCGA § 9-15-14 (b) is discretionary, and the standard of review on appeal is abuse of discretion. But, in order to recover attorney fees, both their actual cost and their reasonableness must be shown. *Santora v. American Combustion*, 225 Ga. App. 771, 774 (485 SE2d 34) (1997).

In reviewing awards under this Code section, we are mindful that "[t]rial judges have broad discretion in controlling discovery, including imposition of sanctions, and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion." (Citations and punctuation omitted.) *West v. Equifax Credit Information Svcs.*, 230 Ga. App. 41, 42 (1) (495 SE2d 300) (1997).

Here, plaintiff's counsel submitted billing records and also submitted affidavits stating that the hourly rates were reasonable. But, HGI Realty claims the billing statements failed to distinguish between time and expenses attributable to the discovery abuses and time and expenses attributable to other aspects of the case.

It is true that some of the billing records submitted also appear to include work done on matters not related to the defendants' discovery abuse; however, the majority of the time sheets submitted relate solely to discovery abuse matters. Moreover, the court stated in its order that after reviewing the records it was able to determine that $30,000 was the reasonable and necessary amount of attorney fees necessitated by the conduct of defense during discovery. The trial court's determination as to what fees are reasonable and necessary must be sustained unless the trial court abused its discretion. *Gibbs v. Abiose*, 235 Ga. App. 214, 219 (508 SE2d 690) (1998). Compare *Citadel Corp. v. All-South Subcontractors*, 217 Ga. App. 736, 739 (458 SE2d 711) (1995) (no evidence presented from which jury could determine what portion of time spent was attributable to recoverable fees); *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606) (1993) (trial court could not determine what were recoverable fees where time sheets included many entries consisting only of statements that a conference was held, a letter was written, or a telephone call was made). Here, the record supports the trial court's award, and therefore, we find no abuse of discretion. *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (360 SE2d 566) (1987).

*Judgments affirmed. Eldridge and Miller, JJ., concur.*

DECIDED FEBRUARY 26, 2002 —
RECONSIDERATION DENIED MARCH 11, 2002 — ▮▮▮▮▮▮▮

*Wagner, Johnston & Rosenthal, Michael S. Rosenthal, Stacy M. Pineo*, for appellant.

*Husser & Frazier, Genevieve L. Frazier, Mabry & McClelland, James S. Anderson*, for appellee.